FILED
LOGGED
ENTERED
RECEIVED
AUG 16 2013
CLERK, U.S. DISTRICT COURT
AT GREENBELT
DISTRICT OF MARYLAND
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELO KARON WILLIAMS,     \*

Petitioner,     \*     Civil Action No. PWG-13-252

v.     \*

ERIC H. HOLDER, JR., et al.,     \*

Respondents.     \*

\*\*\*

## MEMORANDUM OPINION

Before the court is Angelo Karon Williams's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking his release from custody. (ECF No. 1). Respondents, Eric H. Holder, Jr., Rex W. Coffey, Rod J. Rosenstein, William D. Moomau, and Peter J. Messitte, have filed a Motion to Dismiss, or Alternatively, for Summary Judgment and Response to Habeas Petition (ECF No. 4) to which Williams has filed an opposition and affidavit. (ECF Nos. 6 and 7). Respondents have filed a reply to the opposition. (ECF No. 8).[1] For the reasons set forth below, the Motion to Dismiss will be GRANTED without a hearing.

### BACKGROUND

In this petition, Williams challenges the constitutionality of his stop and arrest by the Greenbelt, Maryland police, which led to his federal indictment. He also alleges violations of the Speedy Trial Act and challenges the appointment of stand-by counsel in his criminal case. He alleges violations of the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the U.S. Constitution stemming from his pretrial detention. Finally, he claims he was subjected to

---

[1] In their Reply, Respondents suggest that Williams conceded the points made in the Motion to Dismiss when he failed to address them substantively in his Response. Respondents did not explain why Williams's failure should be interpreted as a waiver rather than given the liberal construction courts typically give to pro se petitioners. As a result, the Court will not address dismissal on the grounds of waiver.

extreme and "harsh conditions" while detained at the Charles County Detention Center that included "limited towels and clothing." (ECF No. 1 at 15 n.5).[2]

At the time he filed this petition on January 23, 2013, Williams was in pretrial detention pending federal charges in *United States v. Williams*, Criminal Case No. PJM-10-389 (D. Md.). Shortly thereafter, on February 13, 2013, Williams pleaded guilty to possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841 and possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A), and was sentenced to sixty months incarceration. *See id.* at ECF No. 75. In pleading guilty, Williams stipulated to facts, including: 1) the Greenbelt Police Officer observed his vehicle swerve and strike a curb, which led to the initial stop; (2) Williams failed subsequent field sobriety tests; (3) after his arrest for driving under the influence, a pat-down search revealed a bag of cocaine base; and (4) a search of the vehicle following the arrest revealed a firearm. *See id.* at ECF No. 75-1.

## DISCUSSION

### A. Proper Parties to this Action

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Generally, a petitioner's custodian is the proper respondent in a § 2241 petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). At the time Williams filed the Petition, he was in the custody of the Warden of the Chesapeake Detention Center. Williams is presently housed at

---

[2] Williams' conditions of confinement claims fail to allege any injury. The claim concerning restrictions on laundry borders on frivolous. Additionally, according to the Bureau of Prisons, *infra* note 3, Williams was transferred to a new facility; therefore, his grievances are moot for the purposes of habeas review.

the Federal Correctional Institution-McDowell in West Virginia.[3] None of the Respondents named in this case are or have been Williams' custodian(s). Williams failed to argue any exception to the default rule that, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *See id.* at 435. Therefore, all named Respondents are entitled to be dismissed as parties in this case.

## B. Immunity

Respondents also are entitled to dismissal on the grounds of immunity. Williams' claims are against federal officials, in their "official capacities," and principles of sovereign immunity compel dismissal. It is well-established that suing federal officials in their official capacity is tantamount to suing the United States. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Portsmouth Redevelopment & Housing Authority v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983). Absent a waiver of sovereign immunity, the Court lacks jurisdiction to hear the claim.

Further, Respondents are shielded by principles of absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (a judicial officer in the performance of his or her duties has absolute immunity from suit); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). The defense of absolute immunity extends to "officials whose special functions or constitutional statute requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

Williams alleges that Judge Messitte, who presided over his criminal case, did not provide proof of "oath of office" (ECF No. 1 at 28). Williams also seems to blame Judge

---

[3] *See* Inmate Locator, Federal Bureau of Prisons, *available at* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName =angelo&Middle=&LastName=williams&Race=U&Sex=U&Age=&x=34&y=7; *see also* Fed. R. Evid. 201 (allowing for judicial notice of certain facts at any stage of a proceeding).

3

Messitte for the delay in the criminal trial. (ECF No. 1). Williams's allegations against Judge Messitte are predicated on judicial determinations and actions made in the course of Williams' criminal case and Judge Messitte is therefore entitled to absolute immunity. *See Forrester v. White*, 484 U.S. 219, 226-27; *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). Absolute judicial immunity is only waived if the judge acts in clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Williams's only suggestion as to lack of jurisdiction argues he has not consented to jurisdiction and is not a person. Williams's arguments are frivolous and lack merit. *See, e.g., Ex parte Kilgore v. U.S. Gov't*, No. 0:08-506-HFF-BM, 2008 WL 759325, at *3 (D.S.C. Mar. 20, 2008) *aff'd sub nom. Kilgore v. U.S. Gov't*, 283 F. App'x 119 (4th Cir. 2008).

Similarly, the claims against Attorney General Holder, U.S. Attorney Rosenstein, and AUSA Moomau must be dismissed because their acts, as alleged by Williams, were directly related and integral to their roles as federal prosecutors in his criminal proceeding. As such, they are entitled to absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376-78 (4th Cir. 1996) (dismissing suit against federal prosecutor entitled to absolute immunity). The named respondents all are absolutely immune and entitled to dismissal of the claims against them.

### C. Claims Improperly Raised in § 2241 Proceeding

Respondents move to dismiss the Petition because it was filed prior to the termination of Williams' criminal case and raises claims proper for his criminal proceedings or direct appeal. *See, e.g., In re Williams*, 306 F. App'x. 818, 819 (4th Cir. 2009) (dismissing pretrial habeas petition filed under § 2241 that raised unlawful arrest and speedy trial arguments because such claims could be adjudicated in the criminal case). Even if any respondent were a proper party and not entitled to immunity, the Petition also is subject to dismissal on this basis.

Williams makes a variety of arguments concerning the sufficiency of his proceedings in his criminal case. In his opposition, Williams asserts violations of speedy trial requirements, the invalidity of his stop, indictment, and arrest, and that his plea agreement was involuntary or otherwise defective. He may pursue his claims by way of direct appeal; a Motion to Vacate, Set Aside, or Correct; or by any other avenue that may be appropriate. However, this Court cannot address issues Williams may raise in the trial court or on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal'" (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994))); *Farley v. Skeen*, 113 F. Supp. 736, 737 (N.D.W. Va. 1953), *appeal dismissed*, 208 F.2d 791 (4th Cir. 1953).

Williams's claim that the Bureau of Prisons improperly has calculated his sentence may be pursued through the administrative remedy process and in the judicial district where he is in custody, as may his grievances about the conditions at his detention facility. These claims also are not properly raised in the instant § 2241 proceeding.

## CONCLUSION

For the aforementioned reasons, the Petition shall be **DISMISSED**. An Order consistent with this Memorandum Opinion will be entered separately.

8/15/13
Date

Paul W. Grimm
United States District Judge